LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCO ANGUISACA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

           Plaintiff,

v.

DIVISION RESTAURANT GROUP, CORP.
d/b/a POSTO 22,
752 NORTH AVENUE CORP.
d/b/a GEMELLI PIZZERIA,
STIRTACO, CORP.
d/b/a WESTCHESTER TACO GRILL, and
JOSEPH NAPOLITANO,

           Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, MARCO ANGUISACA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DIVISION RESTAURANT GROUP, CORP. d/b/a POSTO 22, 752 NORTH AVENUE CORP. d/b/a GEMELLI PIZZERIA, STIRTACO, CORP. d/b/a WESTCHESTER TACO GRILL (the "Corporate Defendants"), JOSEPH NAPOLITANO

1

("Individual Defendant" and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) reimbursement for uniform costs, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, MARCO ANGUISACA, for all relevant time periods, was a resident of Fairfield County, Connecticut.

6. The Defendants operate a chain of restaurants under the trade names, "Posto 22" located at 22 Division Street, New Rochelle, New York 10801, "Gemelli Pizzeria" located at 752 North Avenue, New Rochelle, New York 10801 and "Westchester Taco Grill" located at 712 North Avenue, New Rochelle, New York 10801.

7. Corporate Defendants:

  a.  DIVISION RESTAURANT GROUP, CORP. d/b/a POSTO 22 is a domestic corporation organized under the laws of the State of New York with a principal place of business located at 22 Division Street, New Rochelle, New York 10801 and an address for service of process located at 704 North Avenue, New Rochelle, New York 10801.

  b.  752 NORTH AVENUE CORP. d/b/a GEMELLI PIZZERIA is a domestic corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 752 North Avenue, New Rochelle, New York 10801.

  c.  STIRTACO, CORP. d/b/a WESTCHESTER TACO GRILL is a domestic corporation organized under the laws of the State of New York with a principal place of business located at 712 North Avenue, New Rochelle, New York 10801 and an address for service of process located at 704 North Avenue, New Rochelle, New York 10801.

8. Individual Defendants:

  a.  Upon Information and belief, JOSEPH NAPOLITANO is the owner and Chief Executive Officer of the Corporate Defendants. JOSEPH NAPOLITANO exercises operational control as it relates to all employees, including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the Corporate Defendants. At all times, employees could complain to JOSEPH NAPOLITANO directly regarding any of the terms of their employment, and JOSEPH NAPOLITANO would have authority to effect any changes to

the quality and terms of the employees' employment, including their schedule, compensation, or terminating or hiring such employees.

      b.      JOSEPH NAPOLITANO additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and the Class. JOSEPH NAPOLITANO exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Corporate Defendants are operating efficiently and profitably.

      9.      Defendants own and operate an enterprise comprised of three restaurants with names and addresses as follows:

      a.      Posto 22 – 22 Division Street, New Rochelle, NY 10801;

      b.      Gemelli Pizzeria – 752 North Avenue, New Rochelle, NY 10801; and

      c.      Westchester Taco Grill – 712 North Avenue, New Rochelle, NY 10801.

The Corporate Defendants operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

      a.      The Corporate Defendants are commonly owned by Individual Defendant, JOSEPH NAPOLITANO.

      b.      Gemelli Pizzeria's website provides a link to each of the other restaurants (http://www.gemellipizzeria.com/index.html).

      c.      Employees of Defendants are interchangeable among the restaurants on an as-needed basis.

d.  Defendants implement the same employment policies and practices across all the restaurants.

e.  Merchandise and employees are interchangeable among the Defendants.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cooks, stock persons, general helpers, counter persons, cashiers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their

5

names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including cooks, stock persons, general helpers, counter persons, cashiers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek,

(ii) failing to pay spread of hours premium, (iii) failing to reimburse for uniform costs and (iv) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

g) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

i) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law; and

j) Whether Defendants reimbursed Plaintiff and Class members for uniform costs.

## STATEMENT OF FACTS

23. In or around June 2013, Plaintiff MARCO ANGUISACA was hired by Defendants to work as a cook for DIVISION RESTAURANT GROUP, CORP. d/b/a POSTO 22 located at 22 Division Street, New Rochelle, New York 10801. Plaintiff's employment was terminated in or around July 2014.

24. During the employment of Plaintiff MARCO ANGUISACA, he worked over forty (40) hours per week. During Plaintiff MARCO ANGUISACA's employment by Defendants, he worked over ten (10) hours each day. Throughout Plaintiff's employment, Plaintiff was scheduled

to work six (6) days a week as follows: from 11 a.m. to 10 p.m. on Mondays, Wednesdays and Thursdays, and from 11 a.m. to 11 p.m. on Fridays, Saturdays and Sundays; for a total of sixty-nine (69) hours per week, without meal breaks.

25. Throughout his entire employment, Plaintiff RODRIGO GARCIA was paid a fixed salary of $800.00 per week. Plaintiff was paid weekly part cash and part check. Defendants failed to provide Plaintiff with accurate paystubs. There was no agreement ever that the weekly fixed salary of $800.00 would cover any overtime hours worked by Plaintiff.

26. Other kitchen workers worked over forty (40) hours and were similarly paid on a fixed salary basis, and were similarly not provided accurate paystubs.

27. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, Defendants never paid them at the required overtime premium rate.

28. Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

39. Defendants willfully violated Plaintiff, FLSA Collective Plaintiffs and Class members' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff, FLSA Collective Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

30. Defendants failed to keep the proper employment records required under the FLSA and NYLL.

31. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over forty (40) in a workweek.

32. Defendants unlawfully failed to pay Plaintiff and Class members the "spread of hours premium."

33. Defendants unlawfully failed to reimburse Plaintiff and Class members uniform costs after requiring Plaintiff to buy four (4) chef coats to wear while working and required him to dry clean them every two (2) weeks.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with accurate wage notices or wage statements as required by NYLL. Defendants failed to provide Plaintiff and Class members with accurate paystubs to reflect their hours worked or hourly rate.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs

within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

40. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

41. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to reimburse Defendants costs and expenses for uniform costs.

49. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants willfully violated Plaintiff's and Class members' rights by paying them on a fixed salary basis when Plaintiff and Class members were non-exempt employees who should have been paid an hourly rate.

51. Defendants failed to properly notify Plaintiff and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the "spread of hours" premium required by state law.

53. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

54. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, reimbursement of uniform costs, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of costs and expenses for uniform costs;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, spread of hours premium and uniform costs pursuant to the New York Labor Law;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 2, 2018

    Respectfully submitted,

    LEE LITIGATION GROUP, PLLC

    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    30 East 39th Street, Second Floor
    New York, NY 10016
    Tel.: 212-465-1188
    Fax: 212-465-1181

    *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

    By: __/s/ C.K. Lee__
        C.K. Lee (CL 4086)